IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARLOS MANUEL SANTIAGO, CL.8102, )
    Petitioner, )
     )
    v. ) Civil Action No. 06-0482
     )
BERKS COUNTY, JUDGE, et al. )
    Respondents. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the complaint filed by Carlos Manuel Santiago be treated as a habeas corpus petition and transferred to the United States District Court for the Eastern of Pennsylvania.

II. Report:

Carlos Manuel Santiago. an inmate at the State Regional Correctional Facility at Mercer has presented a petition for a writ of habeas corpus which he has been granted provisional leave to prosecute in forma pauperis.[1] In his petition, Santiago alleges that he is presently serving a four

---

[1] Santiago has filed a rambling and prolix complaint which is entitled a complaint filed pursuant to 42 U.S.C. 1983, and which according to him seeks to set forth a breach of contract action arising from his plea agreement. In his prayer for relief, he seeks inter alia, a declaratory judgment on whether or not had has been wrongfully convicted(p.22); reviewing the manner in which plea bargains are entered into and respected (p.22); the failure to honor a binding plea agreement (p.23); the improper use of prior convictions in determining his sentence (p.24), etc. Thus, while Santiago raises a myriad of claims, the pivotal facts all appear to relate to the legitimacy of his conviction and sentence in Berks County. For this reason, it would appear that he is seeking to challenge the sentence he is serving rather than the manner in which that sentence is being executed, and for this reason, the issues which he seeks to raise here are more appropriately raised in a petition for a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973). For this reason, we treat his submission as a petition for a writ of habeas corpus.

to fourteen year sentence imposed following his conviction upon a plea of guilty, in the Court of Common Pleas of Berks County, Pennsylvania. This sentence was imposed on July 6, 1994.

It is provided in 28 U.S.C. §2241(d) that:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a state which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

While the petitioner is in custody in the Western District of Pennsylvania, the trial court which sentenced him is located in Berks County, which is located in the Eastern District of Pennsylvania. It, therefore, would appear that the interests of justice would best be served by transferring the petition to the United States District Court for the Eastern District of Pennsylvania.

Within ten (10) days after being served with a copy, any party may serve and file written objections to the report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                           Respectfully submitted,

                                           s/ Robert C. Mitchell,

Dated: April 19, 2006                   United States Magistrate Judge